NESBITT, Judge.
The state appeals an order granting defendant’s motion to suppress physical evidence. We reverse the order under review.
Two narcotics detectives observed Shir-neatha Jones at a ticket counter at Miami International Airport and followed her through a security checkpoint. Jones was approached by the officers. They asked if Jones “would mind” if they searched her carry-on luggage. She consented; however, no contraband was found. She was not expressly advised of her right to continue to her plane. One of the detectives then asked if she “would mind” a security officer patting down her person. Jones stated that she did not mind. Upon arrival at the search booth, the security officer asked Jones if she would mind being patted down. Jones replied “Do I have to?”, refusing the frisk and expressly withdrawing her consent. She then walked some distance away from the booth. At that point, according to stipulation by all parties, one officer asked Jones if she would mind patting her stomach. Jones, of her own volition, complied. A crinkling noise like that made by a food bag could be heard. Police seized a plastic bag containing contraband and arrested Jones. Prior to trial, Jones motioned to suppress the evidence of contraband. The trial court concluded that Jones should have been permitted to continue her journey once she refused permission to have her body searched, reliance upon Jones’ consent to pat herself was improper, and that the evidence, therefore, should be suppressed. We hold that the motion to suppress was improperly granted.
After the defendant initially refused to be patted down, she was free to go on *462 her way, notwithstanding her testimony that she believed by the detective’s actions that she was not permitted to depart. By the same token, the police officers were free to develop a further encounter with her. In attempting to effectuate a second encounter, the police were only legitimately performing their official duty. Consequently, the activity neither constitutes antecedent police misconduct nor does the same conduct warrant a finding of deception or artifice or trickery. See Zukor v. State, 488 So.2d 601 (Fla. 3d DCA), review denied, 496 So.2d 144 (Fla.1986). See also Sizemore v. State, 390 So.2d 401 (Fla. 3d DCA 1980), review denied, 399 So.2d 1145 (Fla.1981).
Both Zukor and Sizemore recognize an officer is not required to terminate an investigation simply because a suspect declines to consent to a particular type of search. For the police to suggest a less intrusive alternative type of search is neither constitutionally prohibited nor an example of unfair trickery. Because the trial court failed to recognize that the further encounter did not constitute police misconduct, it erroneously concluded that the police were required to prove a consensual search by clear and convincing evidence. This was the erroneous reason the trial court failed to apply the greater weight of the evidence test which it otherwise acknowledged was the correct evidentiary standard.
For these reasons, the order granting defendant’s motion to suppress the evidence of the contraband is reversed, and the case is remanded for further proceedings.